

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2006

# USA v. Morgan

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3898

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Morgan" (2006). *2006 Decisions*. Paper 763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-3898

———

UNITED STATES OF AMERICA

v.

RUSSELL MORGAN,
                    Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00187)
District Judge: Honorable Berle M. Schiller

———

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges

(Filed July 11, 2006 )

———

OPINION

SLOVITER, Circuit Judge.

## I.

Appellant Russell Morgan robbed three banks in the winter of 2003-2004, one on each of the following three dates: December 27, 2003, January 16, 2004, and January 17, 2004.  In each case, he presented a demand note to a teller stating that he had a gun, whereupon the teller in question gave him money from the bank's fund.  Central to the present appeal is a dispute between the parties over whether, in the course of the second robbery, Morgan showed a bank teller what appeared to be the butt of a gun.

On February 9, 2004, two police officers observed Morgan near a bank in downtown Philadelphia wearing a sweatshirt with red spots on it. Because Morgan appeared to be "casing" the bank, and because the red spots could have resulted from the explosion of a dye pack attached to stolen bank funds,[1] the officers arrested Morgan in connection with the robbery of January 16, 2004.  He was taken into custody and, after being provided with Miranda warnings, waived his rights and confessed to the three robberies.

On April 6, 2004, the Government filed an information against Morgan in the Eastern District of Pennsylvania, charging him with three counts of bank robbery in violation of 18 U.S.C. § 2113(a).  On April 23, 2004, Morgan pled guilty to the

---

[1] An exploding dye pack accompanied the money Morgan received in the second robbery.

information before United States District Judge Berle M. Schiller. Prior to this plea colloquy, the parties had entered into a guilty plea agreement ("Agreement") that Morgan read, discussed with his attorney, and signed.

In the portion of the Agreement relevant to the present case, the parties agreed and stipulated as to each of the three robberies that Morgan's offense level should be increased two levels under U.S.S.G. 2B3.1(b)(2)(F) because Morgan made a threat of death. However, the parties also agreed and stipulated "that the government reserve[d] the right to request a three-point offense-level increase" for this threat, "pursuant to [U.S.S.G. 2B3.1(b)(2)(E)] and Application Note 2, on the ground that [Morgan] brandished an object that created the impression it was an object capable of inflicting death or serious bodily injury." App. at 22. U.S.S.G. § 2B3.1(b)(2)(E) provides that a three level upward adjustment may be applied where "a <u>dangerous weapon</u> was brandished or possessed." (emphasis added). An object is considered a "dangerous weapon" if "(A) the object closely resembles an instrument capable of inflicting death or serious bodily injury; or (B) the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury (<u>e.g.</u>, a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun)." U.S.S.G. § 2B3.1 app. n.2.

In the Agreement, Morgan also waived his appellate rights but reserved the right to appeal his sentence if the District Court "erroneously imposed a three-level offense level

enhancement pursuant to [U.S.S.G. § 2B3.1(b)(2)(E)]." App. at 24. Because Morgan excepted the issue presently before us from his waiver of appeal, we are satisfied that we have jurisdiction over his appeal.

At Morgan's plea colloquy, he denied carrying a gun during any of the robberies. The Government maintained that during the second robbery Morgan showed the teller what appeared to be the butt of a gun. After the Government summarized the facts of the case, defense counsel "reserve[d] for sentencing" the issue of "[t]he butt of a gun" in the following short exchange:

> THE COURT: All right. Mr. Morgan, do you agree that the Government has accurately summarized the facts?
> [DEFENSE COUNSEL]: Your Honor, if I could just say, the only part of the Government's summation that's not stipulated to would be with respect whether –
> THE COURT: The butt of a gun.
> [DEFENSE COUNSEL]: – exactly, your Honor. And that we will reserve for sentencing.

App. at 50-51. After the plea colloquy, the presentence investigation report ("PSR") adopted the Government's position and applied the 3-level enhancement.

The District Court held a sentencing hearing on September 21, 2004.[2] At the

---

[2] Prior to sentencing, Morgan submitted a sentencing memorandum which incorporated sentencing arguments and objections. In this memorandum, a paragraph in Morgan's "Objections" section referred to the 3-level enhancement:
> Additionally, even if the Court were to apply the 2 levels for threat of death under section 2B3.1(b)(2)(F), the Court would be prevented under [Blakely v. Washington, 542 U.S. 296 (2004)]

4

hearing, the Court asked if the parties still disputed any items in the PSR. Morgan replied that the PSR erroneously noted that Morgan had been convicted of a crime despite the fact that he had actually been acquitted of that crime. The District Court agreed to correct the error in question and asked if there were "any other matters in dispute regarding the pre-sentence investigation report." App. at 135-36. Morgan replied, "No, your Honor," App. at 136, and did not dispute the PSR's statement that "Morgan reached into his coat and showed the teller what appeared to be the butt of a handgun." PSR ¶¶ 9, 34. Based on this lack of dispute, the District Court "adopt[ed] the facts as presented in the pre-sentence report." App. at 136.

At sentencing, the Court applied the Guidelines as "advisory" based on its view that "Blakely invalidate[d] the Federal Sentencing Guidelines," and noted that it had "discretion to impose a sentence anywhere from zero to the statutory max." App. at 137.

---

> [from] assigning an additional point under 2B3.1(b)(2)(E) for brandishing . . . a weapon. The report relies on a witness's statement that he or she saw Mr. Morgan reach into his pocket and show the butt of a handgun. As reflected in the guilty plea agreement (paragraph 7(c)), the government was fully aware that Mr. Morgan disputed this fact, and indeed it would be entirely inconsistent with Mr. Morgan's pattern of unarmed conduct. There was no finding by a jury beyond a reasonable doubt of this fact, and therefore Blakely, flatly prohibits reliance on this allegation to enhance Mr. Morgan's sentence.

App. at 69 (emphasis added).

5

Morgan requested that the Court should "exercise its sentencing discretion" by imposing a "sentence that is significantly below what the guidelines, if they were mandatory in this case, would recommend." App. at 139. Morgan agreed with the Court that the applicable advisory "guidelines [range would be] 100 to 125 months." App. at 139.

Of import, later in the hearing, the government called to the stand a bank teller who testified that during the second robbery Morgan pulled from his jacket pocket about two inches of a black object that appeared to be the butt of a handgun. Throughout the hearing, Morgan and his attorney repeatedly argued that Morgan did not have a gun at the time of the second robbery. However, neither Morgan nor his counsel ever addressed the question of whether Morgan pulled from his pocket something that "closely resemble[d]" a gun. U.S.S.G. § 2B3.1 app. n.2.

The Court sentenced Morgan to 100 months' incarceration. After announcing Morgan's sentence, the Court asked both sides whether they "kn[ew] any reason why the sentence [it had] just stated should not be imposed." App. at 161. Morgan answered that he was reserving a general objection "under Blakely" that the sentence improperly exceeded the maximum allowed by the facts admitted at Morgan's plea colloquy. Morgan did not reserve an objection to the fact that the District Court imposed a 3-level instead of 2-level enhancement for threat of death under U.S.S.G. § 2B3.1(b)(2).

## II.

On appeal, Morgan contends that the District Court violated Federal Rule of

6

Criminal Procedure ("Fed. R. Crim. P." or "Rule") 32(i)(3)(B) when it failed to resolve the alleged dispute over whether he pulled out of his jacket pocket what appeared to be the butt of a handgun during the bank robbery of January 17, 2004. Rule 32(i)(3)(B) provides that a district court "must–for any disputed portion of the presentence report or other controverted matter–rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing or because the court will not consider the matter in sentencing."[3] Our review of whether a district court has complied with this Rule 32 issue is plenary. United States v. Furst, 918 F.2d 400, 406 (3d Cir. 1990) (citing, inter alia, United States v. Blanco, 884 F.2d 1577, 1580 (3d Cir. 1989) ("Courts have strictly enforced the mandatory language of this rule requiring that the sentencing judge either make a finding as to the controverted fact or disclaim reliance on the fact for sentencing.")).

At his plea colloquy, Morgan reserved the right to object at sentencing to a finding that he brandished what appeared to be the butt of a handgun, and also reserved the right to object to the imposition of a 3-level enhancement on the basis of such a finding. At Morgan's sentencing hearing, the District Court found (by virtue of its adoption of the facts in the PSR) that Morgan pulled what appeared to be the butt of a gun out of his coat pocket. Although he had reserved his right to do so, Morgan made no objection to this

---

[3]   Rule 32 also provides that a district court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A).

7

finding. Indeed, the District Court adopted the facts in the PSR only after assuring that Morgan did not perceive any outstanding "matters in dispute regarding the pre-sentence investigation report." App. at 136.

Morgan not only failed to dispute the facts presented in the PSR, he also failed to object to the Sentencing Guidelines range prescribed by the PSR. Indeed, Morgan expressly agreed that the applicable Guidelines range was "100 to 125 months," the range provided in the PSR, even though a lower range would have been applicable absent a finding that Morgan brandished what appeared to be a gun. Because Morgan failed both to "inform[] the district court [of] disputed facts contained in the [PSR]," Furst, 918 F.2d at 407, and to "object[] to the estimate of his guidelines sentence range contained in the [PSR]," id. at 408, we cannot hold that the District Court erred.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.